UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| SHERISE MICHELLE MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action No.  SA-10-CA-252-XR |
| | ) |
| ACSO OF TEXAS, L.P., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## ORDER

On this date, the Court considered its jurisdiction over this removed case.  Defendant filed a Notice of Removal on April 5, 2010, alleging federal jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  This Court has a duty to examine its jurisdiction, and to raise the issue of jurisdiction *sua spone* when appropriate.  In addition, Plaintiff has moved to remand.  After careful consideration of the removal documents and Plaintiff's petition, the Court finds that jurisdiction is lacking, and remands the case.

### Background

The Credit Services Organizations Act "(CSOA"), codified at Chapter 393 of the Texas Finance Code, provides protections to consumers who contract with Credit Services Organizations ("CSOs").  Among other things, the CSOA requires CSOs to register with the Secretary of State and to make certain disclosures before executing a contract with a consumer or receiving valuable consideration from a consumer, provides specific requirements that must be included in written contracts between CSOs and consumers, and requires CSOs to give to the consumer, when the document is signed, a copy of the completed contract and any other document the organization requires the consumer to sign.  It provides civil remedies for consumers under sections 393.502, 393.503, and 393.504 as follows:

> § 393.502. Injunctive Relief
> A district court on the application of the attorney general or a consumer may enjoin a violation of this chapter.
>
> § 393.503. Damages
> (a) A consumer injured by a violation of this chapter is entitled to recover:
> (1) actual damages in an amount not less than the amount the consumer paid the credit services organization;
> (2) reasonable attorney's fees; and
> (3) court costs.
> (b) A consumer who prevails in an action under this section may also be awarded punitive damages.
>
> § 393.504. Deceptive Trade Practice
> A violation of this chapter is a deceptive trade practice actionable under Subchapter E, Chapter 17, Business & Commerce Code.[1]
>
> In the section entitled "Facts," Plaintiff's petition alleges:
>
> The conduct of ACSO of Texas LP as a Credit Services Organization (CSO) is governed by the Credit Services Organizations Act (CSOA), codified at Chapter 393 of the Texas Finance Code. Although the CSOA imposes minimal requirements on a CSO in its transactions with consumers, ACSO of Texas LP systematically and routinely violates such requirements. It does so by failing to make full and accurate disclosures as required by the CSOA, by omitting required terms from its contracts, and by failing to provide consumers with completed copies of all required documents. In addition, ACSO of Texas LP engages in deceptive and illegal rollover practices. Plaintiff has been injured by such conduct through a series of CSO contract transactions with ACSO of Texas LP.

In the "Cause of Action" section, Plaintiff alleges, "[a]s cause of action, Plaintiff relies on the statutory rights of action provided under the CSOA. In addition, Plaintiff asserts that all contracts entered into with ACSO of Texas LP are illegal and void because made in violation of the CSOA." In the "Damages" section, "Plaintiff sues for recovery of all CSO fees paid to ACSO of Texas LP and for punitive damages. Plaintiff also seeks injunctive relief." The nature of the injunctive relief sought is not specified.

---

[1] The DTPA allows a consumer to bring a cause of action under the DTPA if she is granted that right by another law. TEX. BUS. & COM.CODE § 17.50(h).

**Analysis**

Generally, the removing party has the burden of proving by a preponderance of the evidence that either: (1) it is facially apparent from the petition that the claim exceeds $75,000, or (2) by setting forth summary-judgment type evidence that supports the requisite finding. *Allen v. R. & H. Oil & Gas Co.*, 63 F.3d 1326, 1335, n.14 (5th Cir. 1995). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). If a defendant shows by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, a plaintiff seeking remand must show that "as a matter of law, it is certain that [the plaintiff] will not be able to recover more than the damages for which [the plaintiff] has prayed in the state court complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

Defendant's Notice of Removal asserts that the amount in controversy exceeds $75,000. Defendant states that Plaintiff "demands recovery of all CSO fees paid to ACSO, punitive damages and injunctive relief barring the enforcement of all ACSO's outstanding contracts." Plaintiff would lack standing to recover fees paid by other consumers to ACSO, and thus Plaintiff can only recover the fees she has paid. Defendant asserts that it has contracted for and received approximately $150 in finance charges on the installment loans issued to Plaintiff. Even considering the remedies available under the DTPA (such as treble damages), attorney's fees, and punitive damages, the amount in controversy does not reach the $75,000 threshold based on Plaintiff's claim for monetary damages.

Defendant contends, however, that "Plaintiff's injunctive remedy is an attempt to prevent continued alleged violations of the CSOA and to preclude ACSO from enforcing its contractual rights with other ACSO customers," meaning "that Plaintiff seeks to enjoin not only the purported harm she alleges to have incurred, but also ACSO's entire business practice." Defendant asserts that "[i]f Plaintiff is successful in enjoining ACSO's enforcement of its existing contracts, and ACSO is unable to collect amounts due and owing thereunder, the amount in controversy exceeds $75,000" because ACSO currently has outstanding transactions with Texas customers exceeding $100,000.

Defendant bases its allegation of amount in controversy on a single sentence in Plaintiff's petition: "Plaintiff also seeks injunctive relief." However, as noted, the nature of the injunctive

relief that Plaintiff seeks is unspecified. Defendant attempts to interpret the unspecified injunctive relief, stating that Plaintiff "seeks to enjoin . . . ACSO's entire business practice," apparently by enjoining enforcement of all of ACSO's existing contracts in Texas. However, the CSOA does not state that Plaintiff may enjoin enforcement of all existing contracts between Defendant and persons who are not parties to this litigation, and it is not clear that Plaintiff would have standing to do so. Instead, the CSOA provides only that Plaintiff may enjoin violations of the Act. Whether such injunctive relief, which at this time remains unspecified, would result in the unenforceability of ACSO's existing contracts with other Texas consumers is entirely speculative. *See Advance America Servicing of Arkansas, Inc. v. McGinnis*, 526 F.3d 1170, 1175 (8th Cir. 2008) ("While it may be true that an adverse finding could cast doubt on other Advance America contracts, future contingent losses not directly arising from its dispute with McGinnis should not be considered in evaluating the amount in controversy between these two parties.").

## Conclusion

Defendant has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Accordingly, the Court concludes that it lacks subject matter jurisdiction and that this case must be remanded. The Court therefore grants Plaintiff's Motion to Remand (docket no. 6), but not for any of the reasons argued by Plaintiff. This case is remanded to state court. Defendant's motion to extend time to respond to Plaintiff's motion and to stay the Court's Order & Advisory deadlines (docket no. 7) is DISMISSED AS MOOT.

It is so ORDERED.

SIGNED this 16th day of April, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE